

October 1, 2020

**VIA ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

        Re:    *Rosen v. Sapir et al.*, **Case No. 1:20-cv-05844 (RA)**

Dear Judge Abrams:

      This firm represents Defendants in the above-referenced action. We write to respectfully request that the Initial Pre-Trial Conference presently scheduled for October 30, 2020 be adjourned *sine die* pending the hearing and determination of Defendants' motion to dismiss the Complaint (the "Motion"), which was filed on September 18, 2020 at ECF Dkt. Nos. 12-14. We make this request for two reasons.

      First, the Motion seeks to dismiss this action in full because, *inter alia*, every single one of Plaintiff's claims is squarely refuted by the exhibits that Plaintiff himself attaches to his own Complaint. If the Motion is granted, the need for a Rule 16 conference will be entirely moot. Further, even if the Motion is only granted in part, it will significantly impact the scope of discovery. Accordingly, we believe it is only practicable to await the outcome of the Motion before entering into a case management schedule.

      Second, as argued in Point II and III of the Motion, Plaintiff filed his First and Third Causes of Action for the improper purpose of using the discovery process to obtain Defendants' private financial documents and information, to which Plaintiff is not entitled under the parties' heavily negotiated contracts. Motion at pp. 5-6, 14-21. Indeed, as Plaintiff's counsel made clear prior to filing this action, Plaintiff's first order of business is to issue subpoenas to Defendants' financial institutions to obtain the documents that Defendants rightfully declined to provide him. Moreover, as demonstrated in the Motion, these claims rely upon a deliberate misreading of the parties' contract and Plaintiff has no factual basis to support them. *Id.* Accordingly, the Court should determine the threshold viability of these claims before allowing Plaintiff to use the discovery process to circumvent the rights and obligations to which the parties have previously agreed.

      We conferred with counsel for Plaintiff, Maxwell Sandgrund, Esq., prior to making this application. As anticipated, Plaintiff's counsel declined to consent, and requested that we include his email in response with this application, which is attached hereto as Exhibit A. We note, however, that Plaintiff does not, and cannot, claim that he will suffer any prejudice if this request is granted. Further, contrary to Plaintiff's assertion, which misconstrues this request as one for a stay

Hon. Ronnie Abrams
October 1, 2020
Page 2 of 2

of discovery, a stay of discovery would also be warranted under these facts. *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue. Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.") (internal citation omitted).

      For the foregoing reasons, Defendants respectfully request that the Court adjourn the Rule 16 Conference, currently scheduled for October 30, 2020, and suspend the parties' Rule 26(f) Conference obligations *sine die* to allow the Court the opportunity to first review and assess Defendants' Motion.

      We thank the Court for its attention to this matter.

Respectfully submitted,

s/ *Andrew J. Urgenson*

Andrew J. Urgenson

cc:    All counsel of record (via ECF)

---

Defendants' request to adjourn the initial status conference sine die is denied. The Court will, however, stay discovery in this action pending the October 30, 2020 initial status conference. The Court will further address the stay issue at that conference.

SO ORDERED.

Hon. Ronnie Abrams
10/8/2020