```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/18/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROTEM ROSEN,

                    Plaintiff,

      v.

ALEX SAPIR and 260-261 MADISON
AVENUE JUNIOR MEZZANINE LLC,

                    Defendants.

No. 20-cv-5844 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Plaintiff's Order to Show Cause for Attachment and Temporary Restraining Order, Defendants' response letter, and Plaintiff's reply letter. Upon review of those documents, and in light of the Court's schedule, the Court presently intends to schedule a hearing on Plaintiff's TRO application for either April 5, April 6, or April 7.

By no later than March 21, 2022, the parties shall submit a joint letter stating their availability for a hearing on those days and proposing an expedited briefing schedule on Plaintiff's TRO application in advance of that hearing. In their joint letter, the parties shall also address the following issues:

- What mechanisms can be employed to protect Plaintiff's interests prior to the April hearing, short of a TRO, on which the parties can agree;

- Whether the Court's authority under Federal Rule of Civil Procedure 65 permits it to issue the TRO that Plaintiff requests. *See Greuner Med. of NJ PC v. Brown*, No. 17-cv-04569 (AMD) (PKC), 2017 WL 3841856, at *1 (E.D.N.Y. Sept. 1, 2017) ("Plaintiffs' request for a . . . TRO is denied because district courts do not have the authority under Fed. R. Civ. P. 65 to grant TROs or preliminary injunctions preventing a defendant from dissipating assets prior to judgment being entered in an action for money damages. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130 (2d Cir. 2014).").

If, following further discussion between the parties in preparation of the joint letter, Plaintiff is of the view that he will be irreparably harmed prior to a hearing in the first week of April, he shall set forth the basis for such view in that letter. Specifically, Plaintiff shall explain why he expects that the sale of the Madison Properties, the transfer of the sale proceeds to 260-61 Madison's bank accounts, and the transfer of those proceeds out of those accounts and out of New York State will likely occur before the first week of April. *See, e.g.*, *Elsevier, Inc. v. Grossman*, 883 F. Supp. 2d 398, 400 (S.D.N.Y. 2012) (observing that "[r]eal property . . . cannot ordinarily be disposed of as quickly as [Plaintiff] seems to suggest"). Plaintiff shall also set forth the basis for his position that—assuming the sale of the Madison Properties and the transfer of those sale proceeds out of state both occur by that date—neither Defendant will have sufficient assets in New York State to satisfy a potential judgment. Defendants may respond to such contentions either in the joint letter, in their subsequent brief, or by way of separate letter.

In any event, "Defendants are advised that . . . any attempt [between now and the April hearing] to transfer assets in order to shield them from judgment will likely result in . . . negative inferences against them." *Id.*

SO ORDERED.

Dated:     March 18, 2022
           New York, New York

_____
Ronnie Abrams
United States District Judge