# KASOWITZ BENSON TORRES LLP

SHERON KORPUS
DIRECT DIAL: (212) 506-1969
DIRECT FAX: (212) 500-3469
SKorpus@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 14, 2022

**VIA EMAIL**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

    Re:    **_Rosen v. Sapir et al._, Case No. 1:20-cv-05844 (RA) (JLC)**

Dear Judge Abrams:

    We write on behalf of Plaintiff in response to Defendants' letter of June 13, 2022, attaching a transcript of proceedings before Surrogate Mella on June 7, 2022 (ECF #110 (the "June 7 Tr.")).[1] Contrary to the gloss Defendants attempt to put on it, that decision if anything strengthens the grounds for Plaintiff's motion to dismiss Defendants' Counterclaims.[2] In any event, as set out in Plaintiff's motion for partial summary judgment, those Counterclaims are a meritless attempt to distract from Defendants' blatant breaches of obligations under the Binding LOI and the Promissory Note, and under a Guaranty in which Defendants explicitly waived the right to assert any set-off or counterclaims.

    First, while Surrogate Mella indicated that she intends to grant the Estate's motion for summary judgment against the Derivative Claim brought by ASRR, that decision was only on the grounds of the writing requirements New York General Obligations Law § 5-701(a)(10) (*see* June 7 Tr., at 27) – an argument that is irrelevant to Defendants' Counterclaims in this action. The statute of frauds relates to the enforceability of the agreement as between the Estate and ASRR

---

[1] All capitalized terms used herein and not otherwise defined have the meanings assigned to them in Plaintiff's memorandum of law in support of his motion to dismiss Defendants' counterclaims, dated Nov. 4, 2021 (ECF #47).

[2] Plaintiff awaits Surrogate Mella's written decision, and reserves all rights with respect to that decision.

LLC, whereas Defendants' Counterclaims concern purported breaches of a release and an operating agreement between Rosen and Sapir to which the Estate is not a party. Notably, Surrogate Mella yet again declined to endorse Defendants' arguments – that have been briefed and argued in the Surrogate's Court over a period of almost two and a half years – that the Mutual Release or the Operating Agreement bar the Derivative Claim.

Second, and contrary to Defendants' assertion, the Surrogate's ruling on that motion gave absolutely no indication that the Derivative Claim was in anyway "frivolous," much less that, as Defendants contended in opposition to the motion to dismiss, the Derivate Claim "expose[s] ASRR to significant liability by way of, *inter alia*, sanctions and claims of malicious prosecution" (ECF #52 at 21). Thus, the thin reed that Defendants attempted to support their claim for damages under the Operating Agreement no longer exists.

Plaintiff respectfully requests that the Court grant his motion to dismiss Defendants' Counterclaims as a matter of law, and grant Plaintiff's motion for partial summary judgment.

    Respectfully submitted,

    */s/ Sheron Korpus*
    Sheron Korpus