USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/2022__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROTEM ROSEN,

      Plaintiff/Counter Defendant,

v.

ALEX SAPIR and 260-261 MADISON AVENUE JUNIOR MEZZANINE LLC,

      Defendants/Counter Claimants.

No. 20-CV-5844 (RA) (JLC)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents, including electronically-stored documents and information ("ESI"), exchanged by the parties in connection with the pre-trial phase of the above-captioned action (the "Action"):

    1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2. Information disclosed by any party or third party in connection with this Action that is not publicly filed, shall be used only for the prosecution or defense of the Action and shall not be used for any business, commercial, or competitive purpose, or used in any other litigation or proceeding. Any violation of this provision may result in civil contempt sanctions entered against the violating party, who will also pay the prevailing party's attorney fees and costs associated with enforcing this provision.

    3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

    4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the Action;

    c. Consultants or experts assisting in the prosecution or defense of the Action, to the extent deemed necessary by counsel (subject to paragraph 5 below); and

    d. Persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, coding, organizing, storing or retrieving data in any form or medium, etc.) and their employees and subcontractors ("Professional Vendors"), retained by Counsel for the parties in connection with this Action;

    e. During deposition, to any deposition witness where necessary to the testimony of such witness (subject to paragraph 5 below); and

    f. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, ESI or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal. Prior to filing publicly any documents containing Confidential Information produced by another party, the filing party shall give the producing party three business days' notice.

10. At the conclusion of the Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. The parties and any other person subject to the terms of this Protective Order agree that the Court has and retains jurisdiction during and after this Action is terminated for the purpose of enforcing this Protective Order. The obligations of this Protective Order shall survive the termination of the Action and continue to bind the parties.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**.

Dated:  10/21/2022
        New York, New York

For Plaintiff / Counter Defendant:

Signed:  /s/ Sheron Korpus

Name:  Sheron Korpus

For Defendants / Counter Claimants:

Signed:  /s/ Andrew Urgenson

Name:  Andrew Urgenson

**SO ORDERED.**

Dated: October 21, 2022
       New York, New York

JAMES L. COTT
United States Magistrate Judge

3

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROTEM ROSEN, <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> ALEX SAPIR and 260-261 MADISON AVENUE JUNIOR MEZZANINE LLC, <br><br> Defendants/Counter Claimants. | No. 20-CV-5844 (RA) (JLC) |

## **AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned litigation have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the above-captioned litigation.

Dated:

_____

Signed in the presence of:

_____